Filing # 107565716 E-Filed 05/15/2020 10:26:12 PM

IN THE CIRCUIT COURT OF THE 11th JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CIVIL DIVISION

CASE NO: 2020-010555-CA-01

MANUEL RODRIGUEZ,
And MERCEDES RODRIGUEZ, his spouse.

      Plaintiffs,

vs.

TARGET CORPORATION,
a Foreign Profit Corporation

      Defendant.

_____/

## COMPLAINT & DEMAND FOR JURY TRIAL

Plaintiffs, MANUEL RODRIGUEZ, and MERCEDES RODRIGUEZ, his wife, by and through undersigned counsel, sue Defendant, TARGET CORPORATION, (hereinafter "TARGET"), and allege as follows:

### GENERAL ALLEGATIONS, JURISDICTION AND PARTIES

1. This is an action for damages in excess of the sum of Thirty Thousand Dollars ($30,000.00), exclusive of interest and costs.

2. At all times material hereto, Plaintiff, MANUEL RODRIGUEZ was and is a resident of Miami-Dade County, Florida.

3. At all times material hereto, Plaintiff, MERCEDES RODRIGUEZ, was and is the wife of Plaintiff, MANUEL RODRIGUEZ.

4. At all times material hereto, Defendant, TARGET, was and is a Foreign Profit Corporation authorized to do business in the State of Florida and maintains retail stores for conducting business in and throughout Miami-Dade County.

EXHIBIT A

5.    At all times material hereto, Defendant, TARGET, owned, maintained, operated and controlled the premises located at 7800 SW 104th Street, Miami, FL 33156, and operated same as a retail store.

6.    Venue is appropriate in Miami-Dade County, Florida as this incident occurred at a retail store in Miami-Dade County.

7.    On or about April 28, 2019, Plaintiff, MANUEL RODRIGUEZ was a business invitee who was lawfully on Defendant, TARGET's premises, when Plaintiff slipped and fell on a liquid substance on the floor.

8.    As a result of the incident in question, Plaintiff was seriously and severely injured as more fully set forth herein.

**COUNT I**
**STATUTORY NEGLIGENCE AGAINST TARGET**

Plaintiff, MANUEL RODRIGUEZ, realleges and reavers the allegations contained in paragraphs 1-8 as though fully set forth herein and further states.

9.    On the aforementioned date and place, Defendant, TARGET, owed a non-delegable duty to Plaintiff, MANUEL RODRIGUEZ, to maintain and keep the premises in a reasonably safe condition.

10.    On the aforementioned date and place, Defendant, TARGET, acted negligently and carelessly, and breached its duty of care, in one or more of the following ways:

    a.  By improperly and carelessly causing the liquid substance to get on the floor, thereby creating a dangerous and hazardous condition; and/or

    b.  by failing to detect or remove the liquid substance on the floor, although it knew, or in the exercise of reasonable care, should have known of the existence of said liquid on the floor, and it further represented to its patrons that its premises was safe and suitable when, in fact, it was not because of the hazardous condition as aforesaid; and/or

    c.  by failing to provide adequate warnings in writing and/or other reasonable notice of the premises' unsafe, dangerous, and hazardous conditions to patrons, including but not limited to, Plaintiff, although Defendant knew, or in the exercise of reasonable care, should have known, about the existence of said condition, and it further represented to its patrons that its premises was safe and suitable when, in fact, it was not because of the hazardous condition; and/or

    d.  by failing to properly maintain and inspect its floors and premises; and/or

    e.  by failing to cure the dangerous condition; and/or

    f.  the condition occurred with regularity and was therefore foreseeable on Defendant's premises, and as a result, Defendant, TARGET, was on constructive notice of the dangerous and hazardous condition.

11.    As a direct and proximate result of Defendant, TARGET's, negligence and failures cited herein, Plaintiff, MANUEL RODRIGUEZ, fell forcefully to the floor, sustaining bodily injury and resulting pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, the loss of capacity for the enjoyment of life, expenses of hospitalization, surgery, medical care and treatment. These losses are either permanent or continuing in nature and Plaintiff, MANUEL RODRIGUEZ, will suffer these losses in the future.

**WHEREFORE**, Plaintiff, MANUEL RODRIGUEZ, demands judgment against Defendant, TARGET, for compensatory damages in excess of Thirty Thousand ($30,000.00) Dollars, plus costs for all damages recoverable under the laws of the State of Florida. Plaintiff, MANUEL RODRIGUEZ, further demands a trial by jury of all issues triable as of right by a jury.

## COUNT II
## NEGLIGENCE AGAINST TARGET (IMPROPER FLOORING SURFACES)

Plaintiff, MANUEL RODRIGUEZ, realleges and reavers the allegations contained in

Case 1:20-cv-23570-BB   Document 1-2   Entered on FLSD Docket 08/27/2020   Page 4 of 6

CASE NO:
Page 4

paragraphs 1-8 as though fully set forth herein and further states.

12.     On the aforementioned date and place, Defendant, TARGET, owed a non-delegable duty to Plaintiff, MANUEL RODRIGUEZ, to construct, maintain, and keep the premises in a reasonably safe condition.

13.     At all times material, Defendant, TARGET, acted negligently and carelessly, and breached its duty of care to Plaintiff, MANUEL RODRIGUEZ, by failing to install, maintain, and provide safe flooring surfaces on its premises.

14.     Defendant, TARGET, has actual and/or constructive notice that their flooring becomes slippery, and therefore unreasonably dangerous when wet. This is evidenced by:

     a. Defendant keeps records of every slip and fall; and/or

     b. Defendant has incident reporting policies and procedures; and/or

     c. Defendant trains all of their employees on how to be aware or vigilant of slipping hazards; and/or

     d. Defendant trains all of their employees on how to clean areas where liquid is detected; and/or

     e. Defendant has readily available "Wet Floor" signs that can be used to warn business invitees of liquids on the floor that the invitee is unaware of; and/or

     f. Defendant's knowledge that clear liquid substances are difficult, if not impossible for patrons to see or observe due to the lighting condition and flooring color and type inside the subject retail store;

15.     As a direct and proximate result of Defendant, TARGET's, negligence and failures cited herein, Plaintiff, MANUEL RODRIGUEZ, fell forcefully to the floor, sustaining bodily injury and resulting pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, the loss of capacity for the enjoyment of life, expenses of

GOLDFARB LAW, P.A.
2800 Ponce de Leon Blvd, Suite 1100, Coral Gables, FL 33134- Ph: (305) 433-3200 – Fax: (305) 428-2418

hospitalization, surgery, medical care and treatment. These losses are either permanent or continuing in nature and Plaintiff, MANUEL RODRIGÚEZ, will suffer these losses in the future.

**WHEREFORE**, Plaintiff, MANUEL RODRIGUEZ, demands judgment against Defendant, TARGET, for compensatory damages in excess of Thirty Thousand ($30,000.00) Dollars, plus costs for all damages recoverable under the laws of the State of Florida. Plaintiff, MANUEL RODRIGUEZ, further demands a trial by jury of all issues triable as of right by a jury.

**COUNT III**
**PLAINTIFF, MERCEDES RODRIGUEZ' LOSS OF CONSORTIUM CLAIM AGAINST DEFENDANT, TARGET**

Plaintiff, MERCEDES RODRIGUEZ adopts and realleges paragraphs 1-15.

16.  At all times material herein, Plaintiff, MERCEDES RODRIGUEZ, was and is the lawful spouse of Plaintiff, MANUEL RODRIGUEZ.

17.  As a direct and proximate cause of the negligence of Defendant, TARGET, which resulted in Plaintiff's, MANUEL RODRIGUEZ, injuries as aforesaid, Plaintiff, MERCEDES RODRIGUEZ has in the past and will in the future suffer the loss of her husband's services, comfort, society and attentions in the past and in the future resulting from her husband's severe and disabling injuries.

**WHEREFORE**, Plaintiffs, MANUEL RODRIGUEZ and MERCEDES RODRIGUEZ demand a trial by jury of all issues triable as of right by a jury and judgment against Defendant, TARGET, for compensatory damages in excess of Thirty Thousand ($30,000.00) Dollars, plus costs.

**GOLDFARB LAW, P.A.**
2800 Ponce de Leon Blvd, Suite 1100, Coral Gables, FL 33134- Ph: (305) 433-3200 – Fax: (305) 428-2418

CASE NO:
Page 6

## CERTIFICATE OF SERVICE

**WE HEREBY CERTIFY** that the foregoing will be served upon the above-named

Defendant via Service of Process.

Dated May 15, 2020

**GOLDFARB LAW, P.A.**
*Attorney for Plaintiffs*
2800 Ponce de Leon Blvd
Suite-1100
Coral Gables, FL 33134
Ph: (305) 433-3200
Fax: (305) 428-2418

By: ___ S/Michael A. Goldfarb
MICHAEL A. GOLDFARB, ESQ.
Florida Bar No: 102639
Michael@goldfarblaw.com
lauren@goldfarblaw.com

**LAW OFFICES OF ALAN GOLDFARB, P.A.**
*Co-Counsel for Plaintiffs*
100 SE 2nd Street
Suite 4500
Miami, FL 33131
Ph: (305) 371-3111
Fax: (305) 577-8375

By: ___ S/Alan Goldfarb
ALAN GOLDFARB, ESQ.
Florida Bar No: 146924
agoldfarb@goldfarbpa.com
lcuan@goldfarbpa.com